HOWELL v. DELAWARE, L. & W. R. CO.      THE DUNELLEN.      THE
CHAPIN.   THE SCOTIA.*

(Circuit Court of Appeals, Second Circuit.  December 10, 1919.)

No. 48.

1. COLLISION ⬤⇒70—NEW YORK CITY CHARTER RULE AS TO MOORED VESSELS
   CAN BE INVOKED ONLY BY VESSELS LEAVING OR ENTERING SLIPS.

   New York City Charter, § 879, providing that vessels shall not lie
   moored at pier ends, except at their own risk, is for the benefit only of
   vessels entering or leaving adjacent slips, and cannot be invoked in a
   contest between several barges moored together at the end of a pier.

2. COLLISION ⬤⇒70—PIER END CHARTER REGULATION ADDITIONAL TO OTHER
   RULES OF NAVIGATION.

   New York City Charter, § 879, regulating the mooring of vessels at pier
   ends, does not render obsolete, but is additional to, other rules of navi-
   gation and maritime conduct, whether founded upon Inland Rules or
   upon accepted general custom.

Appeal from the District Court of the United States for the South-
ern District of New York.

Libel by John S. Howell against the Delaware, Lackawanna & West-
ern Railroad Company, in which the barge Dunellen, her tackle, etc.
(the Central Railroad of New Jersey, claimant), the barge Chapin, her
tackle, etc. (the New York Central Railroad Company, claimant), and
the steam lighter Scotia, her engines, etc. (McAllister Bros., claimants)
were made parties under the fifty-ninth rule in admiralty.   From an
adverse decree, the claimant of the barge Chapin appeals.   Affirmed.

Action was originally brought against the Delaware, etc., Railroad Com-
pany alone; the other parties have been brought in under the fifty-ninth rule
(29 Sup. Ct. xlvi).

In daylight, and weather which requires no consideration, libelant's scow
Lex lay fast to the outer end of Pier 33, East River.  Outside of her lay the
barge Dunellen, and outside of the latter vessel the barge Chapin.  The Lex
was under charter to the Delaware, etc., Company, and it was that company
which had placed her at the pier end.

The steam lighter Scotia came out of the slip between Piers 33 and 32, and
in so doing collided with the Chapin.  The blow caused all three boats at
the pier end to break loose, and the Lex received the damages for which this
action was brought against the charterer alone.  The charterer admitted
liability because of certain agreements in the charter party.

Thereupon said charterer (the Delaware, etc., Company) brought in the
Dunellen and the Chapin, alleging as faults (substantially):  (1) That these
boats had moored outside of the Lex at all; and (2) that in so mooring they
had negligently protruded into and blocked up the approach to and exit from
the slip out of which the Scotia desired to go.  The Chapin then brought in
the Scotia, alleging faults not necessary to recite.

The trial judge held that the injuries to the Lex were the direct result of
the Chapin's improperly obstructing the egress of the Scotia from her slip,
held the Chapin primarily at fault, and exonerated the Lex, Dunellen, and
Scotia.  Thus in effect the Delaware, etc., Company succeeded in shifting its
contractual liability as charterer to the Chapin as a tort-feasor, although
under the decree the charterer remained secondarily responsible.

From this decree the claimant of the Chapin appealed, assigning (in sub-
stance) for error (1) that the proximate cause of disaster was the faulty
navigation of the Scotia; and (2) that the Dunellen and Lex should have been
found at fault for lying at the pier end in violation of section 879 of the
Charter of the City of New York.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 251 U. S. —, 40 Sup. Ct. 396, 64 L. Ed. —.

Harrington, Bigham & Englar, of New York City (T. Catesby Jones and I. A. Washburne, both of New York City, of counsel), for appellant The Chapin.

Marsh & Wever, of New York City (Charles C. Marsh, of New York City, of counsel), for appellee Howell.

Douglas Swift and E. W. Leavenworth, both of New York City (J. E. Morrissey, of Syracuse, N. Y., of counsel), for appellee Delaware, L. & W. R. Co.

James T. Kilbreth, of New York City, for appellee The Dunellen.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for appellee The Scotia.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Whether the Chapin so protruded into the fairway as to proximately cause collision with the Scotia while the latter was exercising reasonable care is matter of fact decided adversely to the Chapin by the trial judge, and after reviewing the record we find his conclusions supported by evidence, which it would serve no useful purpose to recite. It is, however, here urged as matter of law that, since the Lex and Dunellen were also moored at the pier end in violation of New York Charter (Laws 1901, c. 466) § 879 (set forth at length in The Allemania, 231 Fed. 942, 146 C. C. A. 138), they must be as responsible as the Chapin.

Our views of this local harbor regulation are, we think, plainly stated in The New York Central No. 18, 257 Fed. 405, —— C. C. A. ——, and The Daniel McAllister, 258 Fed. 549, —— C. C. A. ——. It was there held, and correctly said below, that section 879 can only be invoked by vessels of the class therein enumerated, viz. those "entering or leaving" a slip adjacent to the pier end at which lie the offending craft. If, therefore, in this case the Scotia had been injured, she would have made out a prima facie case against the Chapin under the act, by showing where that barge was moored; yet it remains possible for vessels at the pier end to affirmatively show, either that their violation of statute neither caused nor contributed to disaster, or that the "entering or leaving" vessel herself contributed thereto.

[1] But this case—with the Scotia exonerated—is between vessels which were all moored in the same illegal manner; between themselves none can point to the statute, and insist that the others are responsible to her by reason of the statute.

[2] The charter regulation does not, of course, take away, nor render obsolete, any other rule of navigation or maritime conduct, whether founded on the Inland Rules or upon accepted general custom as (usually) announced in judicial decisions; it is additional thereto. The Chapin is held solely liable here, not because she lay with other vessels at the end of a pier, but because she incumbered and obstructed the channel in a way deemed faulty without any reference to the pier end statute.

Decree affirmed, with costs to each appellee.